UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

HOMER POWELL, *et al.,*     Plaintiffs

v.     Civil Action No. 4:25-cv-14-RGJ

AMERICAN STRATEGIC INSURANCE CORP.     Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant American Strategic Insurance Corp. ("ASIC") moves for judgment on the pleadings. [DE 9]. Plaintiffs Homer Powell and Geneva Powell ("Plaintiffs") responded [DE 10] and ASIC replied [DE 12]. This matter is ripe. For the reasons below, ASIC's motion for judgment on the pleadings [DE 9] is **DENIED**.

### I.     BACKGROUND

*A. Insurance Policy*

This case arises out of a homeowners policy issued by ASIC to Plaintiffs, insuring losses to Plaintiffs' home located in Madisonville, KY (the "Policy"). [DE 9 at 98]. The Policy covered an extended period from December 5, 2021 to December 5, 2022 and contained the following coverages: (1) "Coverage A – Dwelling"; (2) "Coverage B – Other Structures"; (3) "Coverage C – Personal Property"; and (4) "Coverage D – Loss of Use." [DE 1-2 at 34]. "Coverage A" stated that ASIC "insure[d] for sudden and accidental direct physical loss to property described in Coverages A and B" unless the loss is excluded elsewhere in the Policy. [DE 9 at 98]. "Coverage D" stated that ASIC would cover "Additional Living Expenses" or "any necessary increase in living expenses" in the event "a loss . . . causes the 'residence premises' to become uninhabitable." [DE 1-2 at 34].

1

Section I of the Policy also includes certain conditions that apply to the parties with respect to the insuring agreement. Relevant here, Section I provides that "[n]o legal action can be brought against [ASIC] unless there has been full compliance with all of the terms of this policy and the legal action is filed within two years after the date of loss." [DE 1-2 at 51].

   *B. Events Giving Rise to Claim*

On December 10, 2021, an EF-4 tornado touched down in Hopkins County, Kentucky, causing catastrophic damages to the community, including the destruction of Plaintiffs' home. [DE 10 at 111]. Plaintiffs timely filed a claim with ASIC, reporting that their home had been destroyed. [DE 9 at 98]. Seven days later, on December 20, 2021, ASIC tendered the limits of insurance to the plaintiffs under Coverage A of the Policy. [*Id.*] On May 3, 2024, ASIC tendered payment of $135,600 for Plaintiffs' personal property under Coverage C of the Policy. [DE 10-1]. After receiving this payment, Plaintiffs corresponded with the ASIC adjuster assigned to their case regarding their claims under Coverage D of the Policy for a period of months. [DE 10-2].

On November 7, 2023, ASIC received a letter of representation from attorney, Julie Scott Jernigan, demanding a certified copy of Plaintiffs' insurance policy and directing all further correspondence to her attention. [*See* DE 9-2]. Plaintiffs initiated this action in state court a few weeks later on December 3, 2024, alleging ASIC was in breach of the insuring agreement for "fail[ing] and refus[ing] to provide the full amount of benefits due for Plaintiffs' covered loss" and for violating various provisions of the Kentucky Unfair Claims Settlement Practices Act. [DE 1-2 at 13].[1]

---

[1] Plaintiffs filed their complaint in Hopkins Circuit Court. *See Homer and Geneva Powel v. American Strategic Insurance Corporation*, Civil Action No. 24-CI-00963.

## II.  STANDARDS

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When deciding a motion for judgment on the pleadings, the Court applies the same legal standard as it would for a Rule 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

Rule 12(b)(6) states that a court may dismiss a claim when the opposing party demonstrates that the claim "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For purposes of such a motion, all well pleaded material allegations of the pleadings of the non-moving party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). However, the Court need not accept as true unsupported legal conclusions or unwarranted factual inferences. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A complaint that fails to allege a legally cognizable claim or that fails to offer sufficient factual basis to show entitlement to relief "must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As such, a motion for judgment on the pleadings should be granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Winget*, 510 F.3d, at 581–82.

In adjudicating a motion for judgment on the pleadings, the Court may consider not only the plaintiff's complaint but also the defendant's answer and any attachments thereto. *Baker v. Smiscik*, 49 F. Supp. 3d 489 (E.D. Mich. 2014) (citing Fed. R. Civ. P. 12(c)). *See also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) ("documents attached to the pleadings become part of the pleadings"). However, "[i]f, on a motion under Rule 12(b)(6) or

12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Further, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

### III.    DISCUSSION

As an initial matter, both parties have attached as exhibits documents outside the pleadings. [*See, e.g.,* DE 9-1 (letter of representation from Plaintiffs' counsel to ASIC); DE 10-1 (Coverage C settlement letter dated May 20, 2024); DE 10-2 (communications between ASIC adjuster and Plaintiffs' counsel).] Accordingly, the Court must determine what portion of the record is appropriate to consider when ruling on ASIC's 12(c) motion.

ASIC asserts that "[t]he letter of representation is attached hereto and may be considered without converting this motion to one for summary judgment since it is integral to ASIC's first and third affirmative defenses that the plaintiffs' complaint fails to state a claim upon which relief may be granted since the lawsuit is barred by the contractual limitations period." [DE 9 at 99 n.2 (citing *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013))]. But the Sixth Circuit opinion ASIC relies on holds that the document must be "referred to or attached to the *pleadings*, and integral to *plaintiff's* claims." *Burns*, 542 F. App'x at 466 (emphasis added). Here, the letter of representation was not attached to or referenced in the pleadings, nor is it integral to Plaintiffs' claims. Rather, it is attached to ASIC's Motion, and is integral, if at all, to ASIC's affirmative defenses.[2] Plaintiffs do not address whether the exhibits attached to their Response may be considered on a 12(c) motion.

---

2 In contrast, the Policy may be properly considered on ASIC's Motion. It is both attached to the pleadings [DE 1-2 at 30], and it integral to Plaintiffs' claims.

Consequently, the Court is presented with two options: exclude the evidence outside the pleadings or convert the motion for judgment on the pleadings into a motion for summary judgment. *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006) ("Rule 12(c) requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence."). *See also* 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1371 (3d ed.) ("[I]t is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c).").

In this case, the parties have identified an important threshold issue that would benefit from further development, *i.e.*, whether the two-year limitation on legal actions bars the Plaintiffs' claims for certain ALE payments under "Coverage D" of the Policy. Plaintiffs argue that the limitation period is unenforceable because ASIC "misled Plaintiffs into expecting that they would be reimbursed for those expenses" [DE 10 at 114] and allege in their complaint that ASIC "accepted coverage for the claim" but "did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiffs' claim." [DE 1-2 at 13-14]. *Cf. Bates v. Grain Dealers National Mutual Fire Ins. Co.,* 283 S.W.2d 3, 5 (Ky. 1955) (finding "waiver" of a limitations defense where agents of the insurer told the insured that "the policies would be paid as soon as various questions of liability were determined"). And, although ASIC is correct that such limitation provisions are generally enforceable under Kentucky law, the provision "may nonetheless be unenforceable if [they] did not allow the [plaintiff] a reasonable time to sue." *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 405 (6th Cir. 2005). *See, e.g.*, *Willowbrook Invs., LLC v. Maryland Cas. Co.*, 325 F. Supp. 3d

5

813, 820 (W.D. Ky. 2018) (finding limitation period unreasonable where "the two-year limitation had expired by the time [the plaintiff] was entitled to payment").

Here, the Policy states that "[n]o legal action can be brought against [ASIC] unless there has been full compliance with all of the terms of this policy." [DE 1-2 at 51]. It is not clear based on the pleadings when Plaintiffs were entitled to payment or when Plaintiffs were entitled to sue ASIC under the Policy. *See Smith*, 403 F.3d 401, 406 (6th Cir. 2005) (noting that plaintiffs could not initiate lawsuit until all preconditions of suit were met, including submission of proof-of-loss). Indeed, to the extent Plaintiffs are seeking ALE payments for months after December 10, 2023, any action to enforce the Policy would necessarily have been delayed until after the two-year limitation period. Nor can the Court grant ASIC judgment as a matter of law on Plaintiffs' waiver theory based on the pleadings alone. Although ASIC denies that it committed any "intentional or voluntary act" sufficient to waive its right to enforce the contractual limitations period, the materials it cites in support of this assertion are matters outside the pleadings attached as exhibits to Plaintiffs' Response. [*See* DE 12 at 168 (citing ASIC's communications with Plaintiffs)].

Given the factual questions at issue, ASIC's motion presents issues more suited for summary judgment. The Court declines to convert ASIC's Motion to a motion for summary judgment and consider matters outside the pleadings because it would be premature. As required by Fed. R. Civ. P. 12(c), the parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." *See also Armengau v. Cline*, 7 F. App'x 336, 343–44 (6th Cir. 2001) (explaining that "[b]ecause of the risk of prejudicial surprise arising from the court's treating a [12(c) motion] as a motion for summary judgment," courts must provide "notice and an opportunity to supplement the record before the court enters summary judgment"); *U.S. v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015) (conversion of motion to dismiss for failure to

state claim into summary judgment motion should be accompanied by prior notice and reasonable opportunity to establish existence of material controverted facts). Further, "[b]efore ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995). Indeed, summary judgment motions "filed before the close of discovery [are] often denied as premature in [the Sixth C]ircuit, either on the opposing party's Rule 56(f) affidavit and request or on the [C]ourt's own initiative without an explicit request from the opposing party." *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011) (quoting *Wells v. Corp. Accounts Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010)) (emphasis added); *see also Dixon v. Grand Trunk W. R.R. Co.*, 259 F. Supp. 3d 702, 711 (E.D. Mich. 2016) (Murphy, J.) (noting that the Court denied a summary judgment motion as premature when the motion was filed before the discovery deadline).

Relevant here, ASIC filed its Motion early in the discovery process [DE 9] and fact discovery is not due to be completed until November 21, 2025. [DE 8]. ASIC may file a motion for summary judgment after discovery is complete and in compliance with the dispositive motion deadline set forth in the Court's scheduling order. [*See id.*]. Any motion for summary judgment filed addressing the contractual statute of limitations must address the relevant standards as set forth in this Order, including whether there are any genuine disputes of material fact.

## CONCLUSION

For the reasons explained, and the Court being otherwise sufficiently advised, it is **ORDERED** that:

(1) ASIC's Motion for Judgment on the Pleadings [DE 9] is **DENIED**.

(2) As noted above, ASIC may file a motion for summary judgment in compliance with the dispositive motion deadline in the scheduling order. Any such motion should address the issues outlined by the Court above, including but not limited to the issue of waiver and whether the contractual limitation period was reasonable in this case.

Rebecca Grady Jennings, District Judge
United States District Court

October 15, 2025

cc: counsel of record