**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:25-CV-00014-RGJ-HBB**

**HOMER POWELL, et al.**                                                    **PLAINTIFFS**

**VS.**

**AMERICAN STRATEGIC INSURANCE CORP.**                   **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiffs' former counsel moved to withdraw, stating that the attorney-client relationship had deteriorated and she could no longer provide the Plaintiffs with adequate representation (DN 24). She stated further that she had advised the Plaintiffs of her intention to withdraw and they had no objection (*Id.*). On January 16, 2026, the undersigned entered an order granting the motion to withdraw and instructing Plaintiffs to secure replacement counsel or file a notice of intention to proceed *pro se* within thirty days (DN 25). The order also scheduled a telephonic status conference and warned Plaintiffs that, should they fail to have replacement counsel enter an appearance, they should be prepared to participate in the telephonic conference (*Id.*). If they were not available for the conference, the order warned them that the undersigned would issue a recommendation that their Complaint be dismissed without prejudice (*Id.*). Plaintiffs have failed to have replacement counsel enter an appearance or file a notice of intention to proceed *pro se* as mandated by the order.

On February 23, 2026, the undersigned conducted the telephonic status conference. Participating on behalf of the Defendant was Neil E. Barton. The undersigned attempted to contact the Plaintiffs at the telephone number provide by their former counsel, however Plaintiffs did not

answer the call.  Defense counsel advised the undersigned that he had no contact from the Plaintiffs since entry of the prior order.

As this District has previously observed:

> "Rule 41(b) authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a sua sponte order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). . . . "'Prior notice, or the lack thereof, is . . . a key consideration' in determining whether a district court abused its discretion in dismissing a case for failure to prosecute." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998))."

*Martin v. Ky. State Penitentiary*, No. 5:15CV-P232-TBR, 2016 U.S. Dist. LEXIS 118760, at *8-9 (W.D. Ky. Sept. 1, 2016).

Here, Plaintiffs have been ordered to have replacement counsel enter an appearance or provide notice of *pro se s*tatus with provision of contact information in conformance with LR 5.2(d) and have failed to do so.  Moreover, Plaintiffs failed to be available for the telephonic status conference.  Plaintiffs have been warned that dismissal of the case could result from their failure to comply with the order.

2

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE**.

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

February 23, 2026

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within **fourteen (14) days** after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed, or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

*H. Brent Brennenstuhl*

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

February 23, 2026

Copies:  Counsel
　　　　Homer Powell, *pro se*
　　　　Geneva Powell, *pro se*

0/04

3